IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00151-PAB-MEH

BRIAN EDMOND BATH,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and
REGIONS BANK,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to two Orders to Show Cause, Plaintiff's failure to appear at the Scheduling Conference held in this case on March 16, 2012, and Plaintiff's failure to respond to Defendants' motion to dismiss. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**. In light of this recommendation, the Court also recommends that the Motion of Defendant Regions Bank to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed February 8, 2012; docket #15] be **denied as moot**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

**I.    Background**

Plaintiff initiated this lawsuit *pro se* in Colorado state court on December 30, 2011, alleging, among other claims, violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. (Docket #1,1.) On January 19, 2012, Defendant Experian Information Solutions ("Experian") removed the case to federal court pursuant to 28 U.S.C. §§ 1331 at 1441(b). (*Id.* at 2.)

In response to the Complaint, Defendant Regions Bank ("Regions") filed a motion to dismiss. (Docket #15.) Plaintiff's response to the motion to dismiss was due on or before February 29, 2012, and the Court issued a minute order to that effect. (Docket #18.) To this date, Plaintiff has filed no response to Regions' motion to dismiss, nor has Plaintiff requested an extension of time within which to do so. Accordingly, the Court issued an Order to Show Cause on March 9, 2012, directing Plaintiff to show cause, in writing and filed with the Court, as to why the Court should not recommend dismissal of Plaintiff's claims. (Docket #23.) Plaintiff's response to the March 9, 2012 Order to Show Cause was due on or before March 16, 2012. (*Id.*) However, Plaintiff filed no response.

Despite Plaintiff's notable silence, the Court held a Scheduling Conference in this case on March 16, 2012. (Docket #25.) Counsel for Regions appeared at the Scheduling Conference in person and counsel for Experian appeared telephonically with the Court's permission. (*See* docket #24.) Plaintiff did not appear, nor he did contact the Court in advance to explain his absence, request an appearance by telephone, or move to reschedule the matter for a later date. (*See* docket #26.) At the conference, Defendants' counsel described their efforts to reach Plaintiff in an attempt to draft the proposed Scheduling Order. (*Id.*) According to Defendants' counsel, Plaintiff had been

---

155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

difficult to contact and unwilling to participate with Defendants in advancing this litigation. (*Id.*) Accordingly, the Court issued a second Order to Show Cause instructing Plaintiff to file with the Court a response in writing as to why he should not be sanctioned for failure to appear at the Scheduling Conference and why the Court should not recommend dismissal of his case for failure to prosecute. (*Id.*) The Court admonished Plaintiff that failure to respond to the Order would likely result in a recommendation to dismiss the action without further notice. (*Id.* at 2.) Plaintiff's response was due on or before March 26, 2012. (*Id.*) To date, Plaintiff has not submitted a response, in contravention of this Court's direct order. In fact, the docket reflects that Plaintiff has filed nothing in this case since January 19, 2012. (*See* docket #3.)

## II.     Discussion

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. Plaintiff was ordered to respond to two Orders to Show Cause and to Regions' motion to dismiss, but he failed to do so within the required time frame. Additionally, Plaintiff has made no request for an extension of time within which to file the responses. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that

the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, 283 F. App'x 659, 662 n.2 (10th Cir. July 7, 2008)  (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

> When evaluating grounds for dismissal of an action, the Court looks to the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to appear at the Scheduling Conference adversely impacted Defendants by preventing the Court from issuing a scheduling order and delaying Defendants' ability to conduct discovery and defend claims raised against them.  Also, Plaintiff's failure to respond to Regions' motion to dismiss impedes the Court's ability to review the parties' pleadings and reach a fair and just conclusion concerning Plaintiff's claims.  Additionally, the necessity in issuing two Orders to Show Cause increases the workload of the Court and interferes with the administration of justice.  Plaintiff's non-compliance with the judicial process by failing to appear at scheduled settings and failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the Orders to Show Cause and to Regions' motion to dismiss.  The record of Plaintiff's failures to respond and

participate in the litigation leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the Court's Orders to Show Cause asked Plaintiff to explain why the Court should not recommend dismissal of his case for failure to prosecute. In the Court's most recent Order to Show Cause, the Court admonished Plaintiff "that failure to respond to this Order will likely result in a recommendation to dismiss the action without further notice." (Docket #26 at 2.) Thus, the fourth factor is satisfied.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby v. Meadors*, 351 F.3d 1324, 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to appear at the Scheduling Conference, failure to comply with the February 14, 2012 Minute Order instructing him to submit a response to Regions' motion to dismiss, failure to respond to the Court's March 9, 2012 Order to Show Cause, and failure to respond to the Court's March 20, 2012 Order to Show Cause. For these reasons, dismissal of this action without prejudice is warranted.

**III.   Conclusion**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I hereby RECOMMEND that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action and for Plaintiff's failure to comply with the Court's orders.

Accordingly, the Court also RECOMMENDS that the Motion of Defendant Regions Bank to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed February 8, 2012; docket #15] be **denied as moot**.

Dated at Denver, Colorado, this 2nd day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge