IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  12-cv-00151-PAB-MEH

BRIAN EDMOND BATH,

      Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and
REGIONS BANK,

      Defendants.

---

## ORDER

---

    This matter is before the Court on the Recommendation of United States

Magistrate Judge Michael E. Hegarty [Docket No. 27] to dismiss this action without

prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure.  On April 16, 2012, defendant Experian Information Solutions, Inc. filed

timely objections to the Recommendation [Docket No. 28].  Therefore, the Court will

"determine de novo any part of the magistrate judge's disposition that has been

properly objected to."  Fed. R. Civ. P. 72(b)(3).[1]

    The Recommendation determined that plaintiff Brian Edmond Bath failed to

prosecute this case with due diligence because he failed to appear at the Scheduling

Conference, failed to comply with the Court's February 14, 2012 Order instructing him

to submit a response, and failed to respond to two Orders to Show Cause.  Docket No.

---

    [1]The Recommendation contains a detailed statement of the case with which no
party has taken issue.

27 at 5.  In light of plaintiff's conduct, the magistrate judge considered the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and recommended dismissal of plaintiff's case without prejudice.  *Id.*

Defendant does not object to the Recommendation's findings, but instead requests that the Court dismiss the case with prejudice.  Docket No. 28 at 5.  Defendant argues that plaintiff has filed three similar cases in this District, two of which were dismissed with prejudice because of plaintiff's failure to prosecute.  *See Bath v. EMC Mortgage Corp.*, No. 11-cv-01089-REB-MJW; *see also Bath v. Dyck O'Neal*, No. 11-cv-03117-PAB-MJW.  Defendant claims that, in both of these cases, plaintiff failed to offer evidence to support his allegations, failed to comply with court orders, and stopped prosecuting his cases.  Docket No. 28 at 4.  Defendant submits that, because of plaintiff's previous failure to prosecute cases, the Court should dismiss this case with prejudice to thwart plaintiff's ability to refile the same claims in state court.  *Id*. Defendants did not bring these cases to the attention of Magistrate Judge Hegarty and the Recommendation does not reference them.

In *Ehrenhaus*, the Tenth Circuit noted that dismissal with prejudice usually "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used as "'a weapon of last, rather than first, resort,'" particularly in *pro se* cases.  965 F.2d at 920 (citation omitted).  The Tenth Circuit also stated that in "many cases, a lesser sanction will deter the errant party from further misconduct."  *Id*.  Here, however, plaintiff has exhibited a pattern of behavior which shows a penchant for ignoring court orders.  Additionally, plaintiff's unresponsiveness is consistent with his

actions in other cases filed in this District.  *See Bath v. EMC Mortgage Corp.*, No. 11-cv-01089-REB-MJW [Docket No. 113] (dismissed for failure to appear for the Scheduling Conference, Show Cause hearing, and failure to comply with court orders); *see also Bath v. Dyck O'Neal*, No. 11-cv-03117-PAB-MJW [Docket No. 37] (dismissed for plaintiff's repeated failure to appear and failure to comply with court orders). Moreover, at all relevant times, plaintiff was given advance notice of the potential consequences of his actions.  Thus, although plaintiff is proceeding *pro se*, his failure to alter his behavior despite receiving a multitude of chances proves that this is not a case wherein a lesser sanction could deter plaintiff.  Accordingly, the Court finds that plaintiff's willful misconduct warrants dismissal with prejudice.

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 27] is **ACCEPTED** in part and **REJECTED** in part to the extent indicated in this Order.  It is further

**ORDERED** that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute and obey orders of the Court.  It is further

**ORDERED** that the Motion of Defendant Regions Bank to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 15] is **DENIED** as moot.

DATED April 20, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge